IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FOUNDERS INSURANCE COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BENTLEY ENTERTAINMENT, LLC d/b/a ) <br> BENTLEY'S HOUSE OF SOUL, REGGIE ) <br> RIDLEY, DHARMESH PATEL, KAREN S. ) <br> BATES-THOMPSON, individually, and as ) <br> ADMINISTRATRIX, of the ESTATE OF ) <br> BRIAN A. AMOS, JR., and BRIAN A. AMOS, ) <br> SR., ) <br> ) <br>     Defendants. ) | Civil Action Number |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff Founders Insurance Company (hereinafter referred to as "Founders"), by and through counsel, and for its Complaint for Declaratory Judgment against the above captioned Defendants states as follows:

### *NATURE OF ACTION*

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 in order to resolve an actual controversy concerning the applicability of an insurance policy issued by Founders to Bentley's Entertainment, LLC/Bentley's House of Soul (hereinafter referred to as "Defendant Bentley"), and arising out of the claims made against Defendant Bentley, Reggie Ridley (hereinafter referred to as "Defendant Ridley"), Dharmesh Patel, (hereinafter referred to as "Defendant Patel"), in the underlying lawsuit captioned *Karen S. Bates-Thompson, individually and as Administratrix and Brian A. Amos, Sr., individually and as parents of the Estate of Brian A. Amos, Jr., Deceased v. Reggie Ridley, individually and as owner/operator*

*of Bentley's House of Soul; Bentley's House of Soul; Dharmesh Patel, individually and as owner/operator of Bentley Entertainment, LLC, d/b/a Bentley's House of Soul; Bentley Entertainment, LLC d/b/a Bentley's House of Soul; et al, case number 12C4030* (hereinafter referred to as the "Amos Action"), which is pending in the Circuit Court for Davidson County Nashville, Tennessee. A copy of the Complaint filed to initiate the *Amos Action* is attached hereto and marked as Exhibit A.

## JURISDICTION AND VENUE

2. This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

3. An actual justiciable controversy exists between Founders and Defendant Bentley within the meaning of 28 U.S.C. § 2201, regarding the scope and extent of insurance coverage provided under Founders policy of insurance, as more particularly described below.

4. This Court may properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this District and all Defendants reside in this District.

## THE PARTIES

6. Plaintiff Founders is an insurance company duly organized and existing under the law of the state of Illinois, with its principal place of business in Des Plaines, Illinois and no other state.

7. Defendant Bentley is a limited liability corporation doing business in Tennessee at 1516 Hampton Street, Nashville, Tennessee 37207.

8. Defendant Ridley is a citizen and resident of Davidson County, Tennessee and no other state. Defendant Ridley is a Defendant in the *Amos Action* who has been joined as a party Defendant solely in order to be bound by the judgment entered in this cause.

9. Defendant Patel is a citizen and resident of Davidson County, Tennessee and no other state. Defendant Patel is a Defendant in the *Amos Action* who has been joined as a party Defendant solely in order to be bound by the judgment entered in this cause.

10. Defendant Karen S. Bates-Thompson ("Defendant Thompson") is a citizen and resident of Tennessee and no other state. Defendant Thompson is the Administratrix of the Estate of Brian A. Amos, Jr., and a parent of Brian A. Amos, Jr. Defendant Thompson is a Plaintiff in the *Amos Action* and is a party to this declaratory judgment action who has been joined as a party Defendant solely to be bound by the judgment entered in this case.

11. Defendants Brian A. Amos, Sr. ("Defendant Amos, Sr.") is a citizen and resident of Tennessee and no other state. Defendant Amos is a Plaintiff in the *Amos Action* and is the parent of Brian A. Amos, Jr. Defendant Amos is a party Defendant to this declaratory judgment action solely to be bound by the judgment entered in this cause.

## *GENERAL ALLEGATIONS*

12. On October 5, 2012 Defendants Thompson and Amos, Sr. filed the *Amos Action* for compensatory and punitive damages against Defendants Bentley's Entertainment, LLC , Bentley's House of Soul, *et al.* (Exhibit A).

13. The *Amos Action* alleges that Brian A. Amos, Jr., was shot and killed on October 9, 2011 when he was a patron at Defendant Bentley's House of Soul.

14. The *Amos Action* alleges *inter alia,* that Bentley, Ridley and Patel were negligent in failing to hire or to secure the hiring of adequate security personnel to protect patrons by overseeing a potentially angry and belligerent crowd, (Exhibit A ¶ 22).

15. The *Amos Action* alleges *inter alia* that Bentley, Ridley and Patel failed to employ effective security personnel such that thorough and detailed security checks were not implemented (Exhibit A, ¶18); Defendants Bentley, Ridley and Patel failed to investigate the security companies (Exhibit A, ¶ 19); Defendants Bentley, Ridley and Patel failure to take appropriate steps in hiring security personnel was a major cause of the shooting (Exhibit A, ¶ 20); Defendants Bentley, Ridley and Patel had a heightened duty to ensure that security was properly trained to handle the crowds drawn by the entertainer (Exhibit A, ¶ 21); and that the lack of adequate security measures taken by the security personnel hired to protect patrons resulted in the wrongful death of Brian A. Amos, Jr. (Exhibit, A ¶ 25).

### *THE FOUNDERS INSURANCE POLICY*

16. Founders Insurance issued a commercial general liability policy to Defendant Bentley effective June 2, 2011 through June 2, 2012 under policy number CPTN000016. A copy of the Founders policy (with coverage limits and premium amounts redacted) is attached hereto and marked as Exhibit B.

17. There presently exists an actual and bona fide dispute as to whether Founders Insurance owes Defendant Bentley a defense or indemnification with respect to the *Amos Action* under the Founders Insurance policy.

### *COUNT I DECLARATORY JUDGMENT - NO COVERAGE UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE*

18. The Founders policy CPTN000016 states in relevant part:

1. Insuring Agreement
    a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages, However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . . .

19. Certain exclusions to the Commercial General Liability policy exist. An exclusion specific to the *Amos Action* TENNESSEE CGL ENDORSEMENT - ASSAULT AND/OR BATTERY EXCLUSION (TN-CGL02(12-07), excludes the *Amos Action* from coverage under the Founders Commercial General Liability policy.

20. The assault and Battery Exclusion to the Commercial General Liability policy reads:

This insurance does not apply to:

1.     Assault and/or Battery/Negligent Hiring
"Bodily injury", "property damage", or "personal and advertising injury" arising from:
    (a) assault and/or battery committed by any "insured", any "employee" of an insured, or any other person;
    (b) The failure to suppress or prevent assault and/or battery by any person in subparagraph 1.(a) above;
    (c) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or
    (d) The negligent:
        (1) Employment;
        (2) Investigation;
        (3) Supervision;
        (4) Reporting to the proper authorities, or failure to so report; or
        (5) Retention

of or by a person for whom any "insured" is or ever was legally Responsible and whose conduct would be excluded by subparagraph 1.(a) through 1.(c) above.

21. Bodily injury is defined within the CGL policy as:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person Including death resulting from any of these at any time.

22. An additional exclusion to the Commercial General Liability policy relevant to the *Amos Action* is contained in TN-CGL01(12/07) TENNESSEE CGL MANDATORY ENDORSEMENT - ADDITIONAL EXCLUSIONS. This endorsement states:

This insurance does not apply to:

**1. Punitive and Exemplary Damages, Fines, Penalties and Multiplication of Damages.**
> Punitive damages, exemplary damages, fines, penalties, treble damages or other increase in damages resulting from the multiplication of compensatory damages, in whatever form assessed. If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit". However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages.

23. The injuries for which demand is made in the *Amos Action* arise out of an "assault and battery". As referenced above in paragraph 14, the *Amos Acton* arises out of an event that occurred on October 9, 2011 when:

> At about 3:54 a.m., upon information and belief, Brian A. Amos, Jr., was on the dance floor, whereby lethal shots were fired at Mr. Amos presumably by the unknown Defendant, Unidentified John Doe. It is alleged that said Defendant, Unidentified John Doe instigated and provoked said incident. (Exhibit A, ¶ 16).

24. Accordingly, Founders Insurance does not owe a duty to defend or indemnify Defendant Bentley for the *Amos Action* under the Founders Insurance policy.

**WHEREFORE**, Plaintiff Founders Insurance Company, respectfully requests this Court enter a judgment finding and declaring as follows:

A) The Founders Insurance Company policy, policy number CPTN000016, does not provide coverage for claims made against Bentley Entertainment, LLC, Bentley House of Soul and any party purporting to assert rights under the Founders Insurance policy number CPTN000016 as a result of the *Amos Action*, case number 12C4030 currently pending in the Circuit Court for

Davidson County, Nashville, Tennessee.

B) That Founders Insurance Company does not have a duty to defend Bentley Entertainment, LLC, Bentley House of Soul, Reggie Ridley, Dharmesh Patel, or any Defendant in the *Amos Action*.

C) That Founders Insurance Company does not owe Defendant Bentley, Reggie Ridley, Dharmesh Patel or any party purporting to assert rights under the Founders Insurance policy number CPTN000016 in the *Amos Action*, any reimbursement for costs, fees, or settlement amounts paid or incurred in defense of the *Amos Action* under the Founders Insurance policy number CPTN000016.

D) That Founders Insurance Company does not have a duty to indemnify Defendant Bentley, Reggie Ridley, Dharmesh Patel, or any Defendant for amounts paid or incurred by any party in the *Amos Action*.

E) That the Court enter such further declarations and award Plaintiff further general relief as it deems necessary and appropriate in these premises.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: _____
John Thomas Feeney
BPRN 11482
Attorneys for Plaintiff
P. O. Box 198685
Nashville, Tennessee 37219-8685
(615) 242-3700